IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COREY BOWERS, | § | |
| | § | No. 346, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1204010456 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: September 9, 2024
Decided: September 13, 2024

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On August 22, 2024, the appellant, Corey Bowers, filed a notice of appeal from a June 10, 2024 Superior Court order denying his motion for sentence review. Under Supreme Court Rule 6, a timely notice of appeal was due on or before July 10, 2024. The Senior Court Clerk therefore issued a notice directing Bowers to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Bowers has submitted a notice of appeal from the Superior Court's September 2023 order denying a previous motion for sentence

modification.[1] Bowers does not address the untimeliness of the notice of appeal from the Superior Court's June 10, 2024 order.

(2) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(3) Bowers does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's June 10, 2024 order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[1] This second notice of appeal is attached to a copy of the notice to show cause and bears the appeal number assigned to this appeal—346, 2024.

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice